■ JUDITH CLUTE, Individually and as Parent and Guardian of JESSICA CLUTE, Respondent, v STATE OF NEW YORK, Appellant. [664 NYS2d 637] —Casey, J. Appeal from an amended judgment of the Supreme Court (Best, J.), entered October 25, 1996 in Hamilton County, which, *inter alia*, granted plaintiff's motion for summary judgment.

Plaintiff and her infant daughter are the owners of a certain parcel of real property located immediately south of Lake Pleasant in Hamilton County. Plaintiff's property is bordered on the north by County Road 11, also known as South Shore Road, and on the south by a parcel designated as lot 24.

Disputes over what is now plaintiff's and defendant's property date back to 1853 when a partition action was commenced to clarify a 1796 division of this property into great lots numbered 1 through 45. As part of that action, a local surveyor, Joseph Fish, prepared a map identifying the proposed lot numbering system which would be used by the court. The Fish map was adopted by the court and formed the basis for the new numbering system as well as for the deeds which were sold at auction under the supervision of Abram Ditmar, a court-appointed Referee. In August 1869, Ditmar conveyed lot 28 to Patrick Crowe and lot 29 to Silas Call. Both deeds specifically excepted out certain amounts of acreage (32 acres from lot 28 and 18 acres from lot 29) constituting a rectangular 50-acre tract referred to as the Satterlee Lot which borders Lake Pleasant. This exception in acreage resulted in a boundary line between lots 28 and 29.

In 1897, defendant purchased Call's interest and acquired title to lot 29 by a deed, the terms of which mirrored those in the original deed issued by Ditmar, including the language excepting out the 18 acres of land identified in the Fish map as the Satterlee Lot. Lot 28 was ultimately divided on numerous occasions with Lucille Leisure acquiring a substantial portion of lot 28 north of County Road 11 in 1946. In 1948, lot 28 south of the highway was transferred from Thomas Parslow, Sr. to Thomas Parslow, Jr., plaintiff's father. In 1987, plaintiff's mother, who had acquired the property upon her husband's death, transferred the property to plaintiff and her daughter.

As a result of another survey conducted in 1949, defendant unilaterally changed the numbering system approved in the

partition action and placed the boundary for lots 28 and 29 well to the west and outside of the Satterlee Lot, thereby encroaching upon lot 28. In 1959, when defendant attempted to claim that portion of lot 28 located north of County Road 11, Leisure commenced an RPAPL article 15 action to compel determination of the boundary between lots 28 and 29 (hereinafter the *Leisure* action). Although defendant conceded in its answer that all prior deeds referenced the 50-acre Satterlee Lot as coming out of lots 28 and 29, it asserted that such reference "constituted the repetition of an error" and the true location of the Satterlee Lot was out of lots 29 and 30. The court in the *Leisure* action found that the critical issue was the location of the Satterlee Lot, an issue previously determined by the partition action. The court therefore held that the eastern boundary of lot 28 of the northern portion passed through the Satterlee Lot as provided by the deed under which defendant claimed title. Defendant never appealed this order.

When, in June 1995, defendant attempted to confiscate the portion of lot 28 lying south of County Road 11 on the ground that the boundary between the parcels was to the west and entirely outside the Satterlee Lot, plaintiff commenced this RPAPL article 15 action seeking, *inter alia,* a judicial determination as to the proper location of the eastern boundary separating her property (lot 28) from that owned by defendant to the east (lot 29). Plaintiff contended that the order in the *Leisure* action confirming the eastern boundary of lot 28 (and, therefore, the western boundary of lot 29) as within the Satterlee Lot bars defendant's claim.

Defendant answered, denying the allegations in the complaint and making no mention of plaintiff's claim of collateral estoppel. Plaintiff moved for summary judgment on the uncontroverted issue of ownership based on the deeds of the parties, the partition action instituted in 1853, as well as the precedent established by the *Leisure* action. Plaintiff submitted a survey conducted in 1995 which depicted the division of the Satterlee Lot in accordance with defendant's own deed. In response, defendant did not attempt to refute the findings of the 1995 survey or conduct an independent survey, but argued instead that it was not collaterally estopped by the *Leisure* action from asserting title to lands *south* of County Road 11 as that decision was limited solely to the property to the *north* of County Road 11. Supreme Court disagreed and granted plaintiff's motion, confirming that the entire boundary line for lots 28 and 29 is a straight line starting at the shore of Lake Pleasant and passing through the Satterlee Lot. Defendant now appeals.

We find that Supreme Court's application of the doctrine of collateral estoppel to preclude defendant from attempting to relitigate the location of the boundary line between lots 28 and 29 was proper and, therefore, we affirm. In order to invoke the doctrine of collateral estoppel there must be " 'an identity of issue which has necessarily been decided in the prior action and is decisive of the present action, and * * * there must have been a full and fair opportunity to contest the decision now said to be controlling' " (*Shanley v Callanan Indus.*, 54 NY2d 52, 55, quoting *Schwartz v Public Adm'r of County of Bronx*, 24 NY2d 65, 71; *see, O'Connor v State of New York*, 126 AD2d 120, 124, *affd* 70 NY2d 914). As plaintiff is seeking the benefit of this doctrine, she has the burden of establishing the identity of issue, while defendant has the burden of establishing the absence of a full and fair opportunity to litigate the issue (*see, Kaufman v Lilly & Co.*, 65 NY2d 449, 456).

Here, as in the *Leisure* action, the boundary dispute involved the location of the Satterlee Lot with respect to lots 28 and 29. The court in the *Leisure* action squarely rejected the very factual contention now advocated by defendant—that the boundary line between lots 28 and 29 is somewhere other than within the Satterlee Lot. While the *Leisure* action was specifically concerned with land north of County Road 11, a determination as to the location of the boundary north of County Road 11 necessarily carried with it a determination as to the location of the border south of that highway, as Supreme Court found. Furthermore, not only was defendant afforded a full and fair opportunity to present its arguments, a matter which defendant failed to even address before Supreme Court, but it also had the opportunity to appeal said determination, although it neglected to do so.

Even in the absence of collateral estoppel, the grant of summary judgment to plaintiff is appropriate given the evidence presented in the record: (1) the Fish map, which delineated the boundary line between lots 28 and 29, (2) the fact that the original deeds (Ditmar to Crowe [lot 28] and Ditmar to Call [lot 29]), from which both titles originate, specifically exempted out certain amounts of acreage which constituted the Satterlee Lot, and (3) defendant's own deed, which references the same boundary line when it took title to lot 29 in 1897. This evidence clearly confirms the location of the property boundary between lots 28 and 29 and indicates that the western boundary of lot 29, as purchased by defendant in 1897, falls within the 50-acre Satterlee Lot. Defendant has failed to raise any evidentiary proof to dispute the description contained in the deed

to lot 29. Rather, it has only made the conclusory assertion, insufficient to raise a triable issue of fact, that the reference in all deeds to the Satterlee Lot as coming out of lots 28 and 29 merely constituted a repetition of an error.

Cardona, P. J., Mikoll, Mercure and Peters, JJ., concur. Ordered that the amended judgment is affirmed, with costs.