■ JEFFREY LAING, Appellant-Respondent, v SAMUEL CANTOR, Doing Business as LAW OFFICES OF SAMUEL CANTOR, Respondent-Appellant, and MICHAEL A. COSCIA et al., Respondents. CONWAY, FARRELL, CURTIN & KELLY, P. C., Nonparty Respondent. [720 NYS2d 394] —In an action, *inter alia,* to recover damages for malicious prosecution and abuse of process, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Jones, J.), dated December 15, 1999, as (a) granted those branches of the defendants' respective motions which were to dismiss the first three causes of action asserted in the complaint pursuant to

CPLR 3211 (a) (7), and (b) denied his cross motion to impose a sanction against the defendant Samuel Cantor, d/b/a Law Offices of Samuel Cantor, and the defendant Samuel Cantor, d/b/a Law Offices of Samuel Cantor cross-appeals from so much of the same order as denied that branch of his motion which was pursuant to CPLR 3211 (a) (7) to dismiss the fourth cause of action insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The Supreme Court properly dismissed the plaintiff's first three causes of action pursuant to CPLR 3211 (a) (7) for failure to state a cause of action. The record supports the Supreme Court's determination that the plaintiff failed to state a cause of action alleging malicious prosecution (*see, Engel v CBS, Inc.,* 93 NY2d 195), abuse of process, or prima facie tort (*see, Board of Educ. v Farmingdale Classroom Teachers Assn.,* 38 NY2d 397; *see also, Curiano v Suozzi,* 63 NY2d 113), or common-law negligence (*see, Michalic v Klat,* 128 AD2d 505). However, the Supreme Court correctly determined that the plaintiff's fourth cause of action stated a cause of action to recover damages for attorney misconduct against the defendant Samuel Cantor, d/b/a Law Offices of Samuel Cantor (hereinafter Cantor) pursuant to Judiciary Law § 487 (*see, Schindler v Issler & Schrage,* 262 AD2d 226).

The Supreme Court properly determined that the arguments asserted by Cantor were not frivolous, and, therefore, the plaintiff's cross motion to impose a sanction was properly denied. O'Brien, J. P., Friedmann, Goldstein and H. Miller, JJ., concur.