■ Joseph McBride et al., Appellants, v Mariah Boats, Inc., Respondent. [733 NYS2d 629] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal (1), as limited by their brief, from so much of an order of the Supreme

Court, Orange County (Owen, J.), dated March 19, 2001, as granted that branch of the defendant's motion which was, in effect, pursuant to CPLR 3211 (a) (5) to dismiss the complaint on the ground that the action is barred by the doctrine of res judicata, and (2) from a judgment of the same court, dated April 4, 2001, which, upon the order, dismissed the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the defendant is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The plaintiffs contend that, pursuant to CPLR 5013, the dismissal of their prior action after opening statements at trial, was not on the merits. However, CPLR 5013 does not require that the exact words "on the merits" be used for a judgment to be given res judicata effect. It is sufficient that it is apparent from the judgment that the dismissal was on the merits (*see, Strange v Montefiore Hosp. & Med. Ctr.,* 59 NY2d 737). The Supreme Court found a substantive basis for dismissal of the prior action, and, whether correct or erroneous, the plaintiffs did not appeal. Accordingly, the Supreme Court properly dismissed this action as barred by the doctrine of res judicata (*see, Flynn v Sinclair Oil Corp.,* 20 AD2d 636, *affd* 14 NY2d 853; *Linton v Perry Knitting Co.,* 295 NY 14; *Grinstein v Official Laura Branigan Fan Club,* 174 AD2d 545). Santucci, J. P., Goldstein, Townes and Cozier, JJ., concur.