■ JOHN MARTOCCI et al., Appellants, v BOWASKIE ICE HOUSE, LLC, Defendant, and DANIEL A. BOONS, Respondent. [819 NYS2d 598]—

Mercure, J. Appeals (1) from an order of the Supreme Court, Ulster County (McCarthy, J.), dated September 16, 2005, which denied plaintiffs' motion for monetary damages, and (2) from an order of said court, dated November 14, 2005, which denied plaintiffs' motion for a default judgment and dismissed the complaint.

The parties' dispute over a parcel of land situated in Ulster County was resolved in defendants' favor (*Boons v Martocci*, 268 AD2d 616 [2000], *lv denied* 94 NY2d 765 [2000]). In June 2005, plaintiffs, pro se, filed a summons with notice in which they stated that the instant action relates to a property dispute and the crime of trespassing. Plaintiffs made a motion seeking "proof of ownership and restitution." Supreme Court denied the motion and, upon plaintiffs' subsequent motion for a default judgment, sua sponte dismissed the complaint. Plaintiffs appeal.

Plaintiffs' initial motion was properly denied, inasmuch as it primarily sought to relitigate the issue of ownership that was resolved in the prior litigation (*see Clute v State of New York*, 243 AD2d 936, 938 [1997]). To the extent that plaintiffs' motion may be construed as a motion to renew based upon newly discovered evidence, Supreme Court did not err in denying it because plaintiffs have not demonstrated that they exercised due diligence in attempting to produce such evidence (*see Tishman Constr. Corp. of N.Y. v City of New York*, 280 AD2d 374, 377 [2001]; *see also* CPLR 2221, 5015).

Plaintiffs' second motion for "proof of ownership" was also properly denied pursuant to the doctrine of collateral estoppel (*see Clute v State of New York, supra* at 938). Moreover, the requested relief—the arrest of the alleged trespasser—is unavailable to plaintiffs in this civil action. Inasmuch as both aspects of relief sought by plaintiffs were unavailable to them as a matter of law, plaintiffs failed to establish their prima facie right to judgment and their motion for a default judgment was properly denied even though unopposed (*see Matter of Dyno v Rose*, 260 AD2d 694, 698 [1999], *appeal dismissed* 93 NY2d 998 [1999], *lv denied* 94 NY2d 753 [1999]; *Green v Dolphy Constr. Co.*, 187 AD2d 635, 636 [1992]). Further, Supreme Court has the authority to sua sponte dismiss plaintiffs' complaint upon their motion for a default judgment (*see Jakco Inc. v Fiore*, 285 AD2d 582 [2001]), and we conclude that such authority was not improvidently exercised in this matter.

Cardona, P.J., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the orders are affirmed, without costs.