LINDA WALLEY, as Guardian of the Person and Property of KYLIE WALLEY, Appellant, v LEATHERSTOCKING HEALTHCARE, LLC, Respondent. [913 NYS2d 380]—

McCarthy, J. Appeal from an order of the Supreme Court (Reynolds Fitzgerald, J.), entered December 15, 2009 in Delaware County, which, among other things, granted defendant's cross motion to compel plaintiff to accept its untimely answer.

Plaintiff brought this action to recover for physical injuries suffered by Kylie Walley, an employee of defendant, as the result of a motor vehicle accident that occurred as Walley was driving home from work. Plaintiff commenced the action and effected service on defendant by serving the Secretary of State on March 25, 2009 (see Business Corporation Law § 306 [b] [1]). Not having received an answer, on May 19, 2009, plaintiff's counsel sent a letter to defendant, accompanied by a copy of the summons and complaint, informing defendant that it was in default and requesting that an answer be served immediately. On July 6, 2009, plaintiff moved for a default judgment. In September 2009, on the day responding motion papers were due, defendant's insurance carrier contacted defendant's counsel for the first time regarding this matter. Defendant's counsel im-

mediately opposed plaintiff's motion and cross-moved for an order compelling plaintiff to accept defendant's untimely answer. Supreme Court denied plaintiff's motion for a default judgment based upon her failure to submit with her motion an affidavit of service pursuant to CPLR 3215 (g) (4) (i), and granted defendant's cross motion compelling plaintiff to accept service of the untimely answer. Plaintiff now appeals.

Initially, regarding defendant's cross motion, Supreme Court may grant an extension of time to serve an answer "upon a showing of reasonable excuse for delay or default" (CPLR 3012 [d]; *see 333 Cherry LLC v Northern Resorts, Inc.*, 66 AD3d 1176, 1177 [2009]). Here, defendant did not demonstrate a reasonable excuse for failing to file a timely answer. Defendant claims that the reason for the delay in answering was due to the complaint posing "complex and novel questions of insurance coverage and indemnity" resulting in "a bureaucratic process [taking] place in which the claim was the subject of several claim committees and resulted in various back and forth dialogue between the defendant and its insurance carrier as it pertained to the issue of coverage." Defendant's sole support for this claim, however, is an affidavit from its counsel, who was not hired by the carrier until five months after the complaint had been served and who had no personal knowledge of the actions of either defendant or the carrier prior to plaintiff's motion for a default judgment (*see ABS 1200, LLC v Kudriashova*, 60 AD3d 1164, 1165-1166 [2009]). Inasmuch as defendant based its cross motion on an unsupported claim of insurance carrier delay, we conclude that defendant did not establish a reasonable excuse for an untimely answer (*see Leifer v Pilgreen Corp.*, 62 AD3d 759, 760 [2009]; *Martinez v D'Alessandro Custom Bldrs. & Demolition, Inc.*, 52 AD3d 786, 787 [2008]; *Lemberger v Congregation Yetev Lev D'Satmar, Inc.*, 33 AD3d 671, 672 [2006]). Thus, the court should not have compelled plaintiff to accept the late answer.

Turning to plaintiff's motion, in order to obtain a default judgment against a corporation which has been served pursuant to Business Corporation Law § 306 (b), "an affidavit shall be submitted that an additional service of the summons by first class mail has been made upon the defendant corporation at its last known address at least [20] days before the entry of judgment" (CPLR 3215 [g] [4] [i]). Here, the affidavit of plaintiff's counsel on the motion, together with a copy of his May 19, 2009 letter, reflect that plaintiff substantially complied with the requirements of the statute when counsel mailed an additional copy of the summons and complaint to defendant more than 20 days prior to moving for a default judgment. Under these cir-

cumstances, plaintiff's failure to submit a separate affidavit of mailing, and the lack of language in the May 19 letter stating that service had previously been made pursuant to Business Corporation Law § 306 (b), do not provide a basis for denying plaintiff's motion (*see Lopez v Trucking & Stratford*, 299 AD2d 187 [2002]; *Crespo v A.D.A. Mgt.*, 292 AD2d 5, 10 [2002]).

Regardless of plaintiff's compliance with the requirements of CPLR 3215 (g) (4) (i), plaintiff was not entitled to a default judgment. "A plaintiff's right to recover upon a defendant's default in answering is governed by CPLR 3215 . . . which requires that the plaintiff state a viable cause of action" (*Fappiano v City of New York*, 5 AD3d 627, 628 [2004], *lv denied* 4 NY3d 702 [2004]; *accord Venturella-Ferretti v Ferretti*, 74 AD3d 792, 793 [2010]). In evaluating whether plaintiff has fulfilled this obligation, defendant, as the defaulting party, is "deemed to have admitted all factual allegations contained in the complaint and all reasonable inferences that flow from them" (*Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 71 [2003]). The court, however, must still reach the legal conclusion that those factual allegations establish a prima facie case (*see Matter of Dyno v Rose*, 260 AD2d 694, 698 [1999], *appeal dismissed* 93 NY2d 998 [1999], *lv denied* 94 NY2d 753 [1999]). "Where a valid cause of action is not stated, the party moving for judgment is not entitled to the requested relief, even on default" (*Green v Dolphy Constr. Co.*, 187 AD2d 635, 636 [1992]; *see Matter of Dyno v Rose*, 260 AD2d at 697-698). Under such circumstances, the court may sua sponte dismiss a plaintiff's complaint upon his or her motion for a default judgment (*see Martocci v Bowaskie Ice House, LLC*, 31 AD3d 1021, 1022 [2006], *lv dismissed* 7 NY3d 916 [2006], *cert denied* 552 US 918 [2007]).

Pursuant to plaintiff's verified complaint, Walley called defendant on the day of the accident and stated that she was sick and unable to drive in to work. A representative of defendant told Walley that she was required to report to work despite her illness and inability to drive. Walley thereafter reported to defendant's facility and, on her way home after work, was involved in a single-car accident. These facts fail to establish that defendant was negligent or, even if negligence was established, that such negligence proximately caused Walley's injuries (*cf. Jacobi v Fish*, 67 AD3d 1376, 1377 [2009]; *compare Schauder v Pfeifer*, 173 AD2d 598, 599 [1991]). Plaintiff has therefore failed to state a cause of action. Hence, upon plaintiff's motion for a default judgment, we sua sponte dismiss the complaint (*see Martocci v Bowaskie Ice House, LLC*, 31 AD3d at 1022).

Mercure, J.P., Peters, Malone Jr. and Stein, JJ., concur.

Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendant's cross motion; cross motion denied and complaint dismissed; and, as so modified, affirmed.