■ GERARD APREA et al., Appellants, v NEW YORK STATE BOARD OF ELECTIONS, Respondent. [960 NYS2d 255]—

McCarthy, J. Appeal from an order of the Supreme Court

(Teresi, J.), entered March 15, 2012 in Albany County, which, among other things, sua sponte dismissed the complaint.

In 2010, plaintiff Gerard Aprea submitted a Republican party designating petition for the position of "Committeeman" with the Greene County Board of Elections, which advised him that there were no vacancies on the county Republican committee. Aprea responded that his petition did not seek a position on the county committee or a town position, but sought the separate "elective office" of "Committeeman." Also in 2010, plaintiff John Vidurek filed a Republican party designating petition with the Dutchess County Board of Elections listing the position as "Committeeman." He was notified that the petition was filed, but was later notified that the petition was void because committee members were not being elected in the 2010 primary election. In 2011, Vidurek again filed a designating petition for the position of "Committeeman" and was notified that a petition was filed designating him for the office of county committee. He notified the Dutchess County Board of Elections that his petition was not for a position as member of the county committee or town committee, but for the position of "Committeeman."

Plaintiffs commenced this action seeking, among other things, a declaratory judgment ordering defendant to acknowledge that plaintiffs were duly elected committeemen because they had filed uncontested petitions for that office (*see* NY Const, art I, § 1; Election Law § 6-160 [2]). Plaintiffs moved for a default judgment against defendant, which had failed to serve an answer.* Defendant moved to vacate its default. Supreme Court dismissed the complaint sua sponte, finding that it failed to state any viable cause of action, and denied defendant's motion as moot. Plaintiffs appeal.

Initially, plaintiffs have never clearly explained what committee they seek to be a part of in the position of "Committeeman." Pursuant to Election Law article 2, "[p]arty committees shall consist of a state committee, county committees, and such other committees as the rules of the party may allow" (Election Law § 2-100; *see generally* Election Law art 2). Plaintiffs informed their respective county boards of elections that they were not seeking a position on the town or county committee, but they have never stated that they seek a position on the state committee. Because plaintiffs have not established that the law creates a separate position of "Committeeman," we are

* The Dutchess County Board of Elections and Greene County Board of Elections, both originally named as defendants, were dismissed from the action upon consent of the parties.

unable to grant a judgment declaring that plaintiffs have been elected as "Committeemen" on some amorphous and undescribed committee.

Supreme Court properly dismissed the complaint. Even where a defendant has defaulted, a plaintiff is only entitled to a default judgment if the complaint states a viable cause of action (*see Walley v Leatherstocking Healthcare, LLC*, 79 AD3d 1236, 1238 [2010]). If, despite accepting the allegations as true, no viable cause of action is stated, "the court may sua sponte dismiss a plaintiff's complaint upon his or her motion for a default judgment" (*id.* at 1238; *see Martocci v Bowaskie Ice House, LLC*, 31 AD3d 1021, 1022 [2006], *lv dismissed* 7 NY3d 916 [2006], *cert denied* 552 US 918 [2007]). The complaint here contained five causes of action, none of which is viable.

Contrary to plaintiffs' argument, neither the State and Federal Constitutions nor the oaths of office taken by defendant's commissioners created an enforceable contract between plaintiffs and defendant (*see Pennsylvania R.R. Co. v State of New York*, 11 NY2d 504, 511 [1962]; *Roman Catholic Diocese of Albany, N.Y. v New York State Workers' Compensation Bd.*, 96 AD3d 1288, 1289 [2012]). Thus, the breach of contract cause of action was not viable. The constructive fraud and breach of fiduciary duty causes of action also were not viable because plaintiffs did not allege or prove that their relationship with defendant was unique or distinct as compared to the relationship that this institution typically enjoyed with other individuals (*see Sears v First Pioneer Farm Credit, ACA*, 46 AD3d 1282, 1286 [2007]; *Doe v Holy See [State of Vatican City]*, 17 AD3d 793, 795 [2005], *lv denied* 6 NY3d 707 [2006]). Plaintiffs did not state a negligence cause of action against this governmental defendant because defendant did not owe any special duty to plaintiffs apart from the duty owed to the general public (*see McLean v City of New York*, 12 NY3d 194, 202-203 [2009]; *Signature Health Ctr., LLC v State of New York*, 92 AD3d 11, 14 [2011], *lv denied* 19 NY3d 811 [2012]). Conspiracy to commit a tort is not an independent cause of action (*see Alexander & Alexander of N.Y. v Fritzen*, 68 NY2d 968, 969 [1986]; *Wells Fargo Bank, N.A. v Wine*, 90 AD3d 1216, 1218 [2011]). As the complaint contained no viable causes of action, Supreme Court properly dismissed it.

Mercure, J.P., Spain and Stein, JJ., concur. Ordered that the order is affirmed, without costs.**[Prior Case History: 2012 NY Slip Op 30437(U).]**