Morris v. Zimmer

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of February, two thousand sixteen.

PRESENT:
> GUIDO CALABRESI,
> GERARD E. LYNCH,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges.*

_____

DANIEL PETER MORRIS and LUCILLE AIOSA MORRIS,
> *Plaintiffs-Counter-Defendants-Appellants*,

v.                                                                                        No. 14-3042

DAVID HOWARD ZIMMER,
> *Defendant-Cross-Claimant-*
> *Counter-Claimant-Appellee*,

CHARLES L. WILKINSON, III,
> *Defendant-Appellee*,

SHERRY ZIMMER and DEBORA ZIMMER,
> *Defendants-Counter-Claimants-Cross-*
> *Claimants-Cross-Defendants-Appellees*,

DAVID M. ZIMMER,
> *Defendant-Counter-Claimant-*
> *Cross-Defendant-Appellee*.

_____

**FOR APPELLANTS:**                    Daniel Peter Morris and Lucille Aiosa
                                       Morris, pro se, White Plains, NY.

**FOR APPELLEES DAVID HOWARD**         David Howard Zimmer, Sherry Zimmer,
**ZIMMER, SHERRY ZIMMER, DEBORA**      Debora Zimmer and David M. Zimmer,
**ZIMMER, DAVID M. ZIMMER:**           pro se, Fort Lee, NJ.

**FOR APPELLEE CHARLES L.**            Charles L. Wilkinson, III, pro se,
**WILKINSON, III:**                    Augusta, GA.

Appeal from a judgment of the United States District Court for the Southern District of New York (Vincent L. Briccetti, *J*., Lisa Margaret Smith, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-appellants Daniel Peter Morris and Lucille Aiosa Morris appeal the district court's entry of judgment against defendant David Howard Zimmer ("Zimmer") (following a grant of partial summary judgment in favor of plaintiffs on liability and a bench trial on damages) and grant of summary judgment in favor of defendants Sherry Zimmer, Debora Zimmer, David M. Zimmer (collectively, the "Zimmer Relatives"), and Charles L. Wilkinson, III.   All parties proceed pro se; Daniel Morris and Wilkinson are lawyers, and Zimmer is a disbarred lawyer.   We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo a district court's grant of summary judgment, applying the rule that "[s]ummary judgment is appropriate only when 'the movant shows that there is no

2

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Ya-Chen Chen v. City Univ. of N.Y.*, 805 F.3d 59, 69 (2d Cir. 2015), quoting Fed. R. Civ. P. 56(a). We are required to "resolv[e] all ambiguities and draw[] all permissible factual inferences in favor of the [non-movant]." *Id*. Following a bench trial, we review a district court's findings of fact for clear error, and its conclusions of law de novo. *In re September 11 Litig.*, 802 F.3d 314, 328 (2d Cir. 2015).

Plaintiffs raise the following principal arguments: (1) the district court erred in calculating the damages amount by improperly computing interest, not trebling the damages, and not including the fee plaintiffs paid to Zimmer for his representation; (2) the Zimmer Relatives should have been held jointly and severally liable to plaintiffs, because they became trustees of a constructive trust for plaintiffs' benefit when Zimmer deposited stolen money into a bank account belonging to a family company, Complete Auctions LLC ("Auctions"), of which Zimmer and the Zimmer Relatives were all members; and (3) Wilkinson should also have been held jointly and severally liable to plaintiffs, because plaintiffs were third-party beneficiaries of a contract between Zimmer and Wilkinson. Finding no merit in plaintiffs' arguments, we affirm the judgment in all respects.

(1) The district court correctly calculated the damages award and applied the appropriate rates of pre-judgment and post-judgment interest. *See* N.Y. C.P.L.R. §§ 5001, 5002, 5004; 28 U.S.C. § 1961; *Cappiello v. ICD Publ'ns, Inc.*, 720 F.3d 109, 112 (2d Cir. 2013) ("[U]nder § 1961, federal district courts must apply the federal rate of post-judgment

3

interest to judgments rendered in diversity actions."). It properly declined to award treble damages under New York Judiciary Law § 487, because the complaint did not assert a claim under that statute, *see, e.g.*, *Greenidge v. Allstate Ins. Co.*, 446 F.3d 356, 361 (2d Cir. 2006) (affirming the district court's decision to disregard arguments raised for the first time at summary judgment), and pleadings authored by pro se attorneys such as Daniel Morris "typically cannot claim the special consideration which the courts customarily grant to pro se parties." *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 82 n.4 (2d Cir. 2001) (internal quotation marks omitted). Plaintiffs are not entitled to reimbursement of the fee they paid Zimmer for his services under either § 487 or under *Burton v. Kaplan*, 585 N.Y.S.2d 359, 360 (1st Dep't 1992), which requires the return of legal fees only when an attorney "has been discharged for cause."

(2) The district court correctly held that the Zimmer Relatives are not jointly and severally liable to plaintiffs. Although the Zimmer Relatives, as managing members of Auctions, owed fiduciary duties to Auctions and its members, Florida law recognizes no such duty to third parties such as plaintiffs. *See* Fla. Stat. § 608.4225 (repealed 2015) (current version at § 605.04091). Even assuming (without deciding) that a constructive trust was created when Zimmer deposited the stolen money, plaintiffs presented insufficient evidence to permit a reasonable factfinder to pierce the corporate veil of Auctions, the owner of the bank account, to reach the Zimmer Relatives. *See Gasparini v. Pordomingo*, 972 So. 2d 1053, 1055 (Fla. Dist. Ct. App. 2008).

4

(3) Finally, plaintiffs' claim against Wilkinson fails because plaintiffs have not adduced evidence of any contract between Zimmer and Wilkinson of which they were third-party beneficiaries. *See Madeira v. Affordable Hous. Found., Inc.*, 469 F.3d 219, 251 (2d Cir. 2006).

Plaintiffs' motion to enter trial transcripts into the record and correct typographical errors and omissions in their filings is **GRANTED**. Their request that this Court not decide this appeal before March 7, 2016, which is styled as a motion "to submit one set of jointly signed papers," is **DENIED**.

We have considered all of plaintiffs' other arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5