Cartagena v Lee (2022 NY Slip Op 00843)





Cartagena v Lee


2022 NY Slip Op 00843


Decided on February 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY , J.P.
ANGELA G. IANNACCI
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2019-09459
 (Index No. 718955/18)

[*1]Alexander Cartagena, appellant,
v
Stephen K. Lee, et al., respondents.


Krentsel & Guzman, LLP, New York, NY (Marcia K. Raicus of counsel), for appellant.
James F. Butler (Rivkin Radler, LLP, Uniondale, NY [Cheryl F. Korman], of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Timothy J. Dufficy, J.), dated July 29, 2019. The order granted the defendants' motion pursuant to CPLR 3211(a)(5) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
On April 6, 2016, a vehicle driven by the defendant Stephen K. Lee and owned by the defendant Chak L. Lee struck a vehicle that was being driven by the plaintiff.
In or about June 2016, the plaintiff commenced an action in Supreme Court against the defendants to recover damages for personal injuries he allegedly sustained in the accident (hereinafter the prior action). In the prior action, the Supreme Court granted the plaintiff's motion for summary judgment on the issue of liability. The prior action was then transferred to Civil Court, and jury selection began for a trial on the issue of damages. Prior to opening statements, the Civil Court granted the defendants' application to preclude the plaintiff from presenting evidence of injuries that he allegedly sustained to the thoracic region of his spine as a result of the subject accident. Thereafter, the plaintiff refused to proceed with his case at trial, and the defendants made an application pursuant to 22 NYCRR 202.27 to dismiss the complaint. The Civil Court treated the defendants' application as, in effect, seeking a directed verdict pursuant to CPLR 4401, granted the
application, and directed dismissal of the complaint in the prior action. The plaintiff did not appeal from this determination.
In or about December 2018, the plaintiff commenced the instant action against the defendants based on the same facts and seeking relief identical to the relief sought in the prior action. The defendants moved pursuant to CPLR 3211(a)(5) to dismiss the complaint, arguing, inter alia, that the instant action was barred by the doctrines of res judicata and collateral estoppel because the Civil Court had directed dismissal of the complaint in the prior action on the merits. The Supreme Court granted the defendants' motion, and the plaintiff appeals.
"The doctrine of res judicata precludes a party from litigating a claim where a judgment on the merits exists from a prior action between the same parties involving the same subject" (Matter of Josey v Goord, 9 NY3d 386, 389 [internal quotation marks omitted]). Under the doctrine of res judicata, "once a claim is brought to a final conclusion, all other claims arising out [*2]of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy" (Simmons v Trans Express Inc., 37 NY3d 107, 111 [emphasis and internal quotation marks omitted]; see Gramatan Home Invs. Corp. v Lopez, 46 NY2d 481, 485). The doctrine of res judicata "applies not only to claims actually litigated but also to claims that could have been raised in the prior litigation" (Paramount Pictures Corp. v Allianz Risk Transfer AG, 31 NY3d 64, 83 [internal quotation marks omitted]). "The related doctrine of collateral estoppel, which is narrower, precludes a party from relitigating a particular issue where the identical issue has already been decided in the prior action, is decisive in the present action, and where the party to be precluded had a full and fair opportunity to contest the issue in the prior proceeding" (Matter of B.Z. Chiropractic, P.C. v Allstate Ins. Co., 197 AD3d 144, 152; see Paramount Pictures Corp. v Allianz Risk Transfer AG, 31 NY3d at 72).
Here, contrary to the plaintiff's contention, the Civil Court did not direct the dismissal of the complaint in the prior action pursuant to 22 NYCRR 202.27. The Civil Court treated the defendants' application as, in effect, for a directed verdict pursuant to CPLR 4401 based upon the plaintiff's refusal to proceed with the damages trial, and granted the application. Therefore, the Civil Court directed the dismissal of the complaint in the prior action on the merits (see McBride v Mariah Boats, 288 AD2d 359, 360). The issue of whether the Civil Court erred in granting a directed verdict in favor of the defendants is not properly before this Court on the instant appeal (see Matter of Newman v Newman, 72 AD3d 973).
Accordingly, the Supreme Court properly granted the defendants' motion pursuant to CPLR 3211(a)(5) to dismiss the complaint.
DUFFY, J.P., IANNACCI, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court