Hillel v Parra (2023 NY Slip Op 04431)

Hillel v Parra

2023 NY Slip Op 04431

Decided on August 30, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
PAUL WOOTEN
LILLIAN WAN, JJ.

2021-08655 
2022-01982
 (Index No. 609396/19)

[*1]Zakiyah Hillel, appellant,
v
Francis Parra, et al., respondents.

The Licatesi Law Group, LLP, Uniondale, NY (Michael P. Maddaloni and Michael Licatesi of counsel), for appellant.
Dennis Brown, Acting County Attorney, Hauppauge, NY (Jacob Kutnicki of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (John H. Rouse, J.), dated October 26, 2021, and (2) an order of the same court dated March 7, 2022. The order dated October 26, 2021, granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident, and denied, as academic, the plaintiff's motion for summary judgment on the issue of liability. The order dated March 7, 2022, denied that branch of the plaintiff's motion which was for leave to reargue her opposition to the defendants' motion for summary judgment dismissing the complaint, and, in effect, denied those branches of the plaintiff's motion which were for leave to renew and reargue her motion for summary judgment on the issue of liability and for leave to renew her opposition to the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order dated October 26, 2021, is reversed, on the law, the defendants' motion for summary judgment dismissing the complaint is denied, so much of the order dated March 7, 2022, as, in effect, denied those branches of the plaintiff's motion which were for leave to renew her motion for summary judgment on the issue of liability and for leave to renew her opposition to the defendants' motion for summary judgment dismissing the complaint are vacated, and the matter is remitted to the Supreme Court, Suffolk County, for a determination on the merits of the plaintiff's motion for summary judgment on the issue of liability and, if necessary, a new [*2]determination of that branch of the plaintiff's motion which was for leave to renew her motion for summary judgment on the issue of liability; and it is further,
ORDERED that the appeal from so much of the order dated March 7, 2022, as denied that branch of the plaintiff's motion which was for leave to reargue her opposition to the defendants' motion for summary judgment dismissing the complaint and, in effect, denied that branch of her motion which was for leave to reargue her motion for summary judgment on the issue of liability is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED the appeal from so much of the order dated March 7, 2022, as, in effect, denied those branches of the plaintiff's motion which were for leave to renew her opposition to the defendants' motion for summary judgment dismissing the complaint and her motion for summary judgment on the issue of liability is dismissed as academic in light of our determination on the appeal from the order dated October 26, 2021; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff allegedly was injured when a vehicle owned by the defendant County of Suffolk and operated by the defendant Francis Parra collided with her vehicle. The plaintiff thereafter commenced this action to recover damages for personal injuries sustained in the accident. The defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. The plaintiff moved for summary judgment on the issue of liability. In an order dated October 26, 2021, the Supreme Court granted the defendants' motion and denied the plaintiff's motion as academic. In an order dated March 7, 2022, the court denied that branch of the plaintiff's subsequent motion which was for leave to reargue her opposition to the defendants' motion for summary judgment dismissing the complaint, and, in effect, denied those branches of the plaintiff's subsequent motion which were for leave to renew and reargue her motion for summary judgment on the issue of liability and for leave to renew her opposition to the defendants' motion for summary judgment dismissing the complaint. The plaintiff appeals.
The defendants met their prima facie burden of demonstrating that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendants demonstrated, prima facie, that the plaintiff did not sustain a serious injury to the cervical or lumbar regions of her spine under the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614). In opposition, however, the plaintiff raised a triable issue of fact as to whether she sustained serious injuries to the cervical and lumbar regions of her spine under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102(d) (see Perl v Meher, 18 NY3d 208).
Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint, and we remit the matter to the Supreme Court, Suffolk County, for a determination on the merits of the plaintiff's motion for summary judgment on the issue of liability and, if necessary, a new determination of that branch of the plaintiff's motion which was for leave to renew her motion for summary judgment on the issue of liability (see Mitacchione v Ibarra-Alonso, 187 AD3d 891).
DUFFY, J.P., MILLER, WOOTEN and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court