Morris v Zimmer (2024 NY Slip Op 02314)

Morris v Zimmer

2024 NY Slip Op 02314

Decided on May 1, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 1, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LARA J. GENOVESI
LOURDES M. VENTURA, JJ.

2019-09480 
2020-00788
 (Index No. 56490/14)

[*1]Daniel Morris, et al., appellants,
v
David Zimmer, respondent.

Daniel Morris, White Plains, NY, appellant pro se and for appellant Lucille Morris.

DECISION & ORDER
In a consolidated action, inter alia, to recover damages for breach of contract, the plaintiffs appeal from (1) an order of the Supreme Court, Westchester County (Charles D. Wood, J.), dated June 21, 2019, and (2) an order of the same court dated December 12, 2019. The order dated June 21, 2019, among other things, denied the plaintiffs' motion for leave to enter a default judgment against the defendant, granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint, and, in the alternative, in effect, sua sponte, directed dismissal of the complaint. The order dated December 12, 2019, inter alia, denied the plaintiffs' motion for leave to renew and reargue, among other things, their motion for leave to enter a default judgment against the defendant and their opposition to the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order dated June 21, 2019, as, in effect, sua sponte, directed dismissal of the complaint is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order dated June 21, 2019, is modified, on the law, by deleting the provision thereof granting the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint, and substituting therefor a provision denying the defendant's motion; as so modified, the order dated June 21, 2019, is affirmed, without costs or disbursements; and it is further,
ORDERED that the appeal from so much of the order dated December 12, 2019, as denied that branch of the plaintiffs' motion which was for leave to reargue is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the appeal from so much of the order dated December 12, 2019, as denied that branch of the plaintiffs' motion which was for leave to renew their opposition to the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint is dismissed as academic, without costs or disbursements, in light of our determination on the appeal from the order dated June 21, 2019; and it is further,
ORDERED that the order dated December 12, 2019, is affirmed insofar as reviewed, without costs or disbursements.
In or about 2000, the plaintiffs, Daniel Morris and Lucille Morris, retained the defendant, David Zimmer, an attorney then admitted to practice in Maryland, to represent them in a dispute regarding alleged unauthorized trading in their brokerage accounts. In 2004, a settlement was reached, and the defendant, as the plaintiffs' attorney, received the settlement funds on their behalf. However, he failed to deliver those funds to the plaintiffs, in addition to other funds owed to them. In 2007, Daniel Morris filed a grievance complaint against the defendant with the Attorney Grievance Commission of Maryland. By order of the Court of Appeals of Maryland dated May 5, 2009, the defendant was disbarred by consent (see Attorney Grievance Commn. of Maryland v Zimmer, 408 Md 486, 970 A2d 891). The plaintiffs also alerted various law enforcement authorities of the defendant's conduct. In 2009, the New York County District Attorney's Office commenced a criminal action against the defendant, charging him with grand larceny in the second degree in violation of Penal Law § 155.40(1). In May 2010, pursuant to the terms of a plea agreement, the defendant pleaded guilty to petit larceny in violation of Penal Law § 155.25 and was afforded the opportunity to replead to a lesser charge upon payment to the plaintiffs of the full amount owed. Although the defendant subsequently made a partial payment, he failed to pay the full amount owed and instead executed an affidavit of confession of judgment in the plaintiffs' favor in the amount of $77,625.
In May 2010, days after the defendant pleaded guilty in the criminal action, the plaintiffs commenced an action against him, among others, in the United States District Court for the Southern District of New York (hereinafter the federal action). In the second amended complaint, the plaintiffs asserted causes of action alleging breach of contract, breach of fiduciary duty, fraud, conversion, and fraudulent misappropriation of funds stemming from the defendant's failure to pay the plaintiffs the amount owed (see Morris v Zimmer, 2011 WL 5533339, *1, *6-8, 2011 US Dist LEXIS 130919, *1, *15-20 [SD NY, No. 10 Civ 4146 (VB)]). The plaintiffs subsequently sought leave to amend the second amended complaint, inter alia, to add a cause of action pursuant to Judiciary Law § 487, but the District Court denied their request. The plaintiffs then moved for summary judgment on the second amended complaint insofar as asserted against the defendant. By memorandum decision dated March 21, 2014, the District Court, among other things, adopted a magistrate judge's report and recommendation in its entirety and granted that branch of the plaintiffs' motion which was for summary judgment on the issue of liability against the defendant, while also making certain determinations with regard to damages (see Morris v Zimmer, 2014 US Dist LEXIS 38640, *2-5 [SD NY, No. 10 Civ 4146 (VB)], affd 637 Fed Appx 654 [2d Cir]; see also Morris v Zimmer, 2014 WL 7474770, *5-6, 2014 US Dist LEXIS 39608, *14-19 [SD NY, No. 10 Civ 4146 (VB) (LMS)]). On June 9, 2014, a judgment was entered, inter alia, in favor of the plaintiffs and against the defendant awarding damages in the principal sum of $92,625. The plaintiffs appealed from the judgment. By summary order dated February 5, 2016, the United States Court of Appeals for the Second Circuit affirmed the judgment (see Morris v Zimmer, 637 Fed Appx 654). On October 3, 2016, the United States Supreme Court denied the plaintiffs' petition for writ of certiorari (see Morris v Zimmer, 580 US 873).
In March 2013, while the federal action was pending, the plaintiffs applied for a judgment by confession pursuant to CPLR 3218 in the Supreme Court, New York County, relying upon, among other things, the defendant's affidavit of confession of judgment (hereinafter the New York County action). A judgment was thereafter entered in favor of the plaintiffs and against the defendant in the total sum of $67,850, reflecting the $77,625 that the defendant had confessed to owing the plaintiffs in his affidavit, plus $225 in costs and disbursements, with a credit for a $10,000 payment the defendant made after executing the affidavit. In April 2014, shortly after the District Court decided their motion for summary judgment in the federal action, the plaintiffs commenced another action against the defendant, in the Supreme Court, Westchester County (hereinafter the Westchester County action). In the complaint, the plaintiffs asserted the same causes of action that they successfully asserted in the federal action as well as a cause of action pursuant to Judiciary Law § 487, among others. They also set forth information relating to the federal action, including with regard to their motion for summary judgment and the magistrate judge's report and recommendation relating thereto. The plaintiffs subsequently moved, inter alia, in the Supreme Court, New York County, to consolidate the New York County action, which had already resulted in a judgment, with the Westchester County action. The court, in effect, granted that branch of the plaintiffs' motion, [*2]consolidated the New York County action with the Westchester County action, and transferred the action to the Supreme Court, Westchester County.
In or about April 2016, the plaintiffs moved for leave to enter a default judgment against the defendant. In support of their motion, the plaintiff submitted, among other things, a copy of the memorandum decision of the District Court dated March 21, 2014. The defendant thereafter moved pursuant to CPLR 3211(a) to dismiss the complaint, prompting the plaintiffs to file an amended complaint. By order dated June 21, 2019, the Supreme Court, inter alia, denied the plaintiffs' motion, granted the defendant's motion, and, in the alternative, in effect, sua sponte, directed dismissal of the complaint. The plaintiffs then moved for leave to renew and reargue, among other things, their motion for leave to enter a default judgment against the defendant and their opposition to the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint. By order dated December 12, 2019, the court, inter alia, denied the plaintiffs' motion. The plaintiffs appeal from both orders.
"On a motion for leave to enter a default judgment against a defendant based on the failure to answer or appear, a plaintiff must submit proof of service of the summons and complaint, proof of the facts constituting the cause of action, and proof of the defendant's default" (Travelon, Inc. v Maekitan, 215 AD3d 710, 712 [internal quotation marks omitted]). "To demonstrate the facts constituting the cause of action, the plaintiff need only submit sufficient proof to enable a court to determine if the cause of action is viable, since defaulters are deemed to have admitted all factual allegations contained in the complaint and all reasonable inferences that flow from them" (Yan Ping Xu v Van Zwienen, 212 AD3d 872, 873 [internal quotation marks omitted]). However, "[a] court does not have a mandatory, ministerial duty to grant a motion for leave to enter a default judgment, and retains the discretionary obligation to determine whether the movant has met the burden of stating a viable cause of action" (Newrez, LLC v City of Middletown, 216 AD3d 655, 656-657 [internal quotation marks omitted]; see Woodson v Mendon Leasing Corp., 100 NY2d 62, 71). "Where a valid cause of action is not stated, the party moving for judgment is not entitled to the requested relief" (Lugo v Corso, 215 AD3d 944, 945 [internal quotation marks omitted]). "In determining whether a party has a viable cause of action, the court may consider the pleadings in the action, and any other proof submitted by the plaintiff" (Beaton v Transit Facility Corp., 14 AD3d 637, 637; see Wachovia Mtge. FSB v Macwhinnie, 175 AD3d 1587, 1589).
"[T]he preclusive effect of a federal-court judgment on a subsequent state court action is determined by federal common law" (Paramount Pictures Corp. v Allianz Risk Transfer AG, 31 NY3d 64, 69 [internal quotation marks omitted]; see RM 18 Corp. v Bank of N.Y. Mellon Trust Co., N.A., 104 AD3d 752, 756). Pursuant to federal law, "the uniform federal rules of res judicata apply [to judgments in federal-question cases] whereas, for judgments in diversity cases, federal law incorporates the rules of preclusion applied by the State in which the rendering court sits" (Paramount Pictures Corp. v Allianz Risk Transfer AG, 31 NY3d at 69 [citation, alterations and internal quotation marks omitted]). Since the federal action was a diversity case, New York's res judicata rules apply (see id.). Under New York law, "[t]he doctrine of res judicata precludes a party from litigating a claim where a judgment on the merits exists from a prior action between the same parties involving the same subject" (Cartagena v Lee, 202 AD3d 746, 747 [internal quotation marks omitted]).
Here, the Supreme Court properly denied the plaintiffs' motion for leave to enter a default judgment against the defendant (see Newrez, LLC v City of Middletown, 216 AD3d at 656-657; Binder v Tolou Realty Assoc., Inc., 205 AD3d 870, 871). The doctrine of res judicata applied because the plaintiffs' claims "involv[ed] the same subject" as those asserted in the federal action (Cartagena v Lee, 202 AD3d at 747 [internal quotation marks omitted]) and "ar[ose] out of the same . . . series of transactions" (Oteri v Oteri-Harkins, 205 AD3d 814, 815 [internal quotation marks omitted]; see Jacobson Dev. Group, LLC v Grossman, 198 AD3d 956, 959). Contrary to the plaintiffs' contention, the court did not err in relying upon the doctrine of res judicata in denying their motion, even though the defendant defaulted (see Wachovia Mtge. FSB v Macwhinnie, 175 AD3d at 1589-1590; Abrahams v Commonwealth Land Tit. Ins. Co., 120 AD3d 1165, 1166; Martocci v Bowaskie Ice House, LLC, 31 AD3d 1021, 1022). Among other reasons for this [*3]conclusion, the plaintiffs could not and did not claim surprise by the court's reliance upon the doctrine of res judicata, they had ample opportunity to assert their arguments in relation thereto, and their own complaint and other submissions revealed that the doctrine applied (see CPLR 3018[b]; Munson v New York Seed Improvement Coop., 64 NY2d 985, 986; Rogoff v San Juan Racing Assn., 54 NY2d 883, 885; U.S. Bank N.A. v Saff, 191 AD3d 733, 734-735; Wachovia Mtge. FSB v Macwhinnie, 175 AD3d at 1589). Since the plaintiffs "failed to state a valid cause of action," they were "not entitled to the requested relief, even on default" (Wachovia Mtge. FSB v Macwhinnie, 175 AD3d at 1590 [internal quotation marks omitted]; see Abrahams v Commonwealth Land Tit. Ins. Co., 120 AD3d at 1166; Martocci v Bowaskie Ice House, LLC, 31 AD3d at 1022).
The plaintiffs' various arguments in support of their contention that this action was not barred by the doctrine of res judicata are without merit. They assert, for example, that the judgment in the federal action did not have a preclusive effect on this action because federal courts lack jurisdiction over applications made pursuant to CPLR 3218. Putting aside the question of whether this fact, if true, would affect the res judicata analysis, no such jurisdictional impediment exists (see Alland v Consumers Credit Corp., 476 F2d 951, 952-955 [2d Cir]; Xerox Corp. v West Coast Litho, Inc., 251 F Supp 3d 534, 537-538 [WD NY]). Moreover, the plaintiffs' assertion that the judgment in the federal action had no preclusive effect on the Judiciary Law § 487 cause of action, in particular, is without merit. Although the District Court denied their request for leave to amend their second amended complaint, inter alia, to assert such a cause of action, the doctrine of res judicata is nonetheless applicable. The plaintiffs chose the federal court as the forum to litigate their claims against the defendant, and they could have litigated the Judiciary Law § 487 cause of action in that forum if they had asserted it earlier (see Incredible Invs. v Grenga, 125 AD3d 1362, 1363-1364; Syncora Guar. Inc. v J.P. Morgan Sec. LLC, 110 AD3d 87, 91-92, 95). Their contention that this cause of action was not yet ripe at the time they commenced the federal action because the defendant had not yet pleaded guilty is factually inaccurate, as he pleaded guilty days before they filed their original complaint. Regardless, a criminal conviction is not a condition precedent to a Judiciary Law § 487 cause of action (see Papa v 24 Caryl Ave. Realty Co., 23 AD3d 361, 362; Laing v Cantor, 280 AD2d 519, 519; Schindler v Issler & Schrage, 262 AD2d 226, 228).
While the Supreme Court properly denied the plaintiffs' motion for leave to enter a default judgment against the defendant, the plaintiffs correctly contend that the court should have denied the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint because it was untimely (see Yan Ping Xu v Van Zwienen, 212 AD3d at 875; Holubar v Holubar, 89 AD3d 802, 802). Nonetheless, the court properly, in effect, sua sponte directed dismissal of the complaint, on the alternative ground that extraordinary circumstances warranted such a result because the action was barred by the doctrine of res judicata (see Matter of Hersh, 198 AD3d 773, 776; Martocci v Bowaskie Ice House, LLC, 31 AD3d at 1021-1022; cf. Binder v Tolou Realty Assoc., Inc., 205 AD3d at 871; Bayview Loan Servicing, LLC v Taddeo, 199 AD3d 749, 750-751). Moreover, contrary to the plaintiffs' contention, they were not entitled to file an amended complaint as of right, considering that the defendant's motion was untimely and therefore not properly made (see CPLR 3025[a]; 3211[f]).
In light of our determination on the appeal from the order dated June 21, 2019, the appeal from so much of the order dated December 12, 2019, as denied that branch of the plaintiffs' motion which was for leave to renew their opposition to the defendant's motion to dismiss the complaint must be dismissed as academic (see Hillel v Parra, 219 AD3d 903, 904-906). In the order dated December 12, 2019, the Supreme Court correctly denied that branch of the plaintiffs' motion which was for leave to renew their prior motion for leave to enter a default judgment against the defendant. The plaintiffs failed to submit any new facts that would have changed the outcome of that prior motion (see Barnaman v Bishop Hucles Episcopal Nursing Home, 213 AD3d 896, 899). Moreover, the appeal from so much of the order dated December 12, 2019, as denied that branch of their motion which was for leave to reargue must be dismissed because no appeal lies from an order denying reargument (see id. at 897).
The plaintiffs' remaining contentions either are without merit or have been rendered academic in light of our determination.
DILLON, J.P., CHAMBERS, GENOVESI and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court