Perez v Baez (2020 NY Slip Op 04329)





Perez v Baez


2020 NY Slip Op 04329


Decided on July 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JOSEPH J. MALTESE
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2018-12405
2019-06039
 (Index No. 508880/16)

[*1]Amalia Perez, etc., appellant, 
v
Daysi Baez, etc., defendant, Forest Hills Hospital, et al., respondents.


Newman & Greenberg LLP, New York, NY (Richard A. Greenberg and William J. Dobie of counsel), for appellant.
Furman, Kornfeld & Brennan LLP, New York, NY (Tracy S. Katz of counsel), for respondent Forest Hills Hospital, and Shaub, Ahmuty, Citrin & Spratt, LLP, Lake Success, NY (Christopher Simone of counsel), for respondent Sergio Martinez (one brief filed).



DECISION & ORDER
In an action to recover damages for wrongful death and medical malpractice, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Ellen M. Spodek, J.), dated August 16, 2018, and (2) an order of the same court dated April 5, 2019. The order dated August 16, 2018, granted the separate motions of the defendants Forest Hills Hospital and Sergio Martinez pursuant to CPLR 3211(a)(5) to dismiss, as time-barred, so much of the complaint as was based upon alleged acts of malpractice committed before November 26, 2013, insofar as asserted against each of them. The order dated April 5, 2019, insofar as appealed from, in effect, upon reargument, adhered to the original determination in the order dated August 16, 2018.
ORDERED that the order dated August 16, 2018, is reversed, on the law, the separate motions of the defendants Forest Hills Hospital and Sergio Martinez pursuant to CPLR 3211(a)(5) to dismiss, as time-barred, so much of the complaint as was based upon alleged acts of malpractice committed before November 26, 2013, insofar as asserted against each of them are denied, and the order dated April 5, 2019, is vacated; and it is further,
ORDERED that the appeal from the order dated April 5, 2019, is dismissed as academic in light of our determination on the appeal from the order dated August 16, 2018; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff's decedent died due to complications related to cancer on August 29, 2015. On May 26, 2016, the plaintiff commenced this action to recover damages for wrongful death and medical malpractice against, among others, the defendants Forest Hills Hospital (hereinafter FHH) and Sergio Martinez, a physician (hereinafter together the defendants). As is relevant to these appeals, the complaint alleged negligent acts and omissions by the defendants related to the decedent's hospitalization at FHH from July 30, 2013, to August 1, 2013. After joinder of issue, [*2]Martinez and FHH separately moved pursuant to CPLR 3211(a)(5) to dismiss, as time-barred, so much of the complaint as was based upon alleged acts of malpractice committed before November 26, 2013, insofar as asserted against each of them. In an order dated August 16, 2018, the Supreme Court granted the defendants' separate motions. Thereafter, the plaintiff moved for leave to reargue his opposition to the defendants' prior motions. In an order dated April 5, 2019, the court, in effect, granted reargument and, upon reargument, adhered to the original determination. The plaintiff appeals.
Contrary to the defendants' contention, the plaintiff adequately demonstrated that she was the decedent's representative and was thus entitled to avail herself of the tolling provisions of CPLR 210(a). On a motion to dismiss pursuant to CPLR 3211(a)(5), the court is required to "accept the facts as alleged in the complaint as true" and resolve all inferences in favor of the plaintiff (Faison v Lewis, 25 NY3d 220, 224 [internal quotation marks omitted]; see Cron v Hagro Fabrics, 91 NY2d 362, 366). Here, the complaint alleged that on February 1, 2016, the plaintiff "was granted Letters of Administration by the Hon. Diana A. Johnson, Surrogate of Kings County." Thus, accepting this allegation as true and affording the plaintiff the benefit of all favorable inferences, the plaintiff was appointed the administrator of the decedent's estate prior to commencing this action on May 26, 2016.
We disagree with the Supreme Court's determination that the statute of limitations barred causes of action to recover damages for medical malpractice that accrued prior to November 26, 2013 (i.e., 2½ years before the date the action was commenced), rather than February 28, 2013 (i.e., 2½ years before the date of the decedent's death) (see EPTL 5-4.1; Venditti v St. Catherine of Siena Med. Ctr., 98 AD3d 1035, 1036; Capece v Nash, 70 AD3d 743, 745). Since, at the time of his death, the decedent had a valid cause of action to recover damages for medical malpractice based upon acts or omissions occurring on or after February 28, 2013, and since the wrongful death cause of action was commenced within two years of the date of his death, the wrongful death cause of action was timely commenced (see Venditti v St. Catherine of Siena Med. Ctr., 98 AD3d at 1036; Norum v Landau, 22 AD3d 650; Murphy v Jacoby, 250 AD2d 826). Accordingly, any causes of action to recover damages for medical malpractice that accrued on or after February 28, 2013 (i.e., within 2½ years of the decedent's death), including the decedent's July 2013 hospitalization, were timely. Further, the plaintiff then had one year from the decedent's death to assert a cause of action alleging conscious pain and suffering (see CPLR 210[a]; Norum v Landau, 22 AD3d 650; Fritz v Southside Hosp., 182 AD2d 671).
Accordingly, the Supreme Court should have denied the defendants' separate motions pursuant to CPLR 3211(a)(5) to dismiss, as time-barred, so much of the complaint as was based upon alleged acts of malpractice committed before November 26, 2013, insofar as asserted against each of them.
LEVENTHAL, J.P., MALTESE, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court