Greenaway v Clifton & Classon Apt. Corp. (2021 NY Slip Op 08169)





Greenaway v Clifton & Classon Apt. Corp.


2021 NY Slip Op 08169


Decided on February 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2018-02838
 (Index No. 10225/14)

[*1]David R. Greenaway, et al., appellants,
v
Clifton & Classon Apartment Corporation, respondent.


David R. Greenaway and Natalie T. Hill, Brooklyn, NY, appellants pro se.
Abrams Garfinkel Margolis Bergson, LLP, New York, NY (Barry G. Margolis and Andrew W. Gefell of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and fraud, the plaintiffs appeal from an order of the Supreme Court, Kings County (Kathy J. King, J.), dated January 5, 2018. The order, insofar as appealed from, granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiffs were the shareholders and proprietary lessees of an apartment in a cooperative building owned by the defendant. In 2008, the plaintiffs commenced an action (hereinafter the prior action) against the defendant, among others, asserting causes of action, inter alia, to recover damages for breach of the proprietary lease and breach of the warranty of habitability, relating to the physical condition of the subject apartment. The prior action was settled in 2011, and a stipulation of discontinuance was filed on April 23, 2014.
In July 2014, the plaintiffs commenced the instant action, among other things, to recover damages for breach of contract and fraud, alleging that the subject apartment was uninhabitable because it was an illegal "cellar" apartment. The defendant moved, inter alia, pursuant to CPLR 3211(a)(5) to dismiss the complaint on the ground, among others, of res judicata. In an order dated January 5, 2018, the Supreme Court, inter alia, granted the motion, and the plaintiffs appeal.
Under the doctrine of res judicata, "once a claim is brought to a final conclusion, all other claims between the same parties . . . arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy" (Kleinman v Weisman Law Group, P.C., 176 AD3d 1046, 1047; see O'Brien v City of Syracuse, 54 NY2d 353, 357). Thus, the doctrine bars not only claims that have been raised in a prior action between the parties, but matters that could have been raised in such prior action, arising from the same factual grouping (see Mooney v Manhattan Occupational, Physical & Speech Therapies, PLLC, 166 AD3d 957, 959). "A stipulation of discontinuance with prejudice without reservation of right or limitation of the claims disposed of is entitled to preclusive effect under the doctrine of res judicata" (Trapani [*2]v Squitieri, 107 AD3d 696, 696-697 [internal quotation marks omitted]).
Here, the claims that the plaintiffs raise in the present action either were raised, or could have been raised, in the prior action, which sought "relief for harm arising out of the same or related facts" as those presented in the present action (O'Brien v City of Syracuse, 54 NY2d at 357). Indeed, the plaintiffs learned of the apartment's alleged status as a cellar in 2009, from an engineer's report that they requisitioned, and could have sought to amend their complaint in the prior action to add those allegations. Instead, two years later, the plaintiffs opted to settle the prior action.
Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint.
In light of our determination, we need not reach the parties' remaining contentions.
AUSTIN, J.P., BARROS, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court