Jacobson Dev. Group, LLC v Grossman (2021 NY Slip Op 05851)





Jacobson Dev. Group, LLC v Grossman


2021 NY Slip Op 05851


Decided on October 27, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 27, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2020-07369
 (Index No. 603297/20)

[*1]Jacobson Development Group, LLC, respondent,
v
Gary Grossman, etc., et al., defendants, JAZ Grand, LLC, et al., appellants.


Weiss Zarett Brofman Sonnenklar & Levy, P.C., New Hyde Park, NY (Michael J. Spithogiannis of counsel), for appellants.
Rosenberg Fortuna & Laitman, LLP, Garden City, NY (David I. Rosenberg and Joseph P. Sacco of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants JAZ Grand, LLC, and Wilbur Breslin appeal from an order of the Supreme Court, Nassau County (Timothy S. Driscoll, J.), entered September 4, 2020. The order, insofar as appealed from, denied that branch of those defendants' motion which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against the defendant JAZ Grand, LLC, denied that branch of those defendants' motion which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against the defendant Wilbur Breslin with prejudice, and granted the plaintiff's application for leave to amend the complaint.
ORDERED that the appeal from so much of the order as granted the plaintiff's application for leave to amend the complaint is dismissed, without costs or disbursements, as no appeal lies as of right from an order that does not decide a motion made on notice (see CPLR 5701[a]), and leave to appeal has not been granted; and it is further,
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendants JAZ Grand, LLC, and Wilbur Breslin which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against the defendant JAZ Grand, LLC, with prejudice, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as reviewed, without costs or disbursements.
In June 2017, the plaintiff commenced an action (hereinafter the prior action) against, among others, Yews, Inc. (hereinafter Yews), Gary Grossman, and Sandra Kessler, inter alia, to foreclose a mortgage encumbering certain real property located in Nassau County (hereinafter the premises). In the prior action, the plaintiff alleged that on February 2, 2006, the plaintiff and Yews entered into a joint venture agreement with nonparty Taj Holdings, LLC (hereinafter Taj), for the development of the premises, and that in connection with the joint venture agreement, on May 12, 2006, Yews conveyed a mortgage on the premises in favor of the plaintiff. The plaintiff alleged that Yews defaulted under the mortgage and that Yews misrepresented that it owned one of the lots comprising the premises. Yews, Grossman, and Kessler moved, inter alia, to dismiss the complaint [*2]insofar as asserted against them as time-barred, and submitted a copy of the mortgage dated May 12, 2006, which provided that the sum of $350,000 was to be paid 60 days from the date of execution. In an order entered February 14, 2018 (hereinafter the February 2018 order), the Supreme Court denied the motion, citing purportedly fraudulent circumstances surrounding the identity of Grossman. Yews, Grossman, and Kessler appealed from the February 2018 order.
In March 2018, the parties in the prior action stipulated that JAZ Grand, LLC (hereinafter JAZ), which purported to have acquired title to the premises, could intervene as a defendant in the prior action, and JAZ interposed an answer asserting a counterclaim to quiet title to the premises.
By decision and order dated July 31, 2019, this Court reversed the February 2018 order, determining that Yews, Grossman, and Kessler established, prima facie, that the six-year statute of limitations had expired prior to the commencement of the prior action, and the plaintiff failed to raise a question of fact as to whether any purported fraudulent activity affirmatively induced it to refrain from commencing the prior action until the statute of limitations had expired (see Jacobson Dev. Group, LLC v Yews, Inc., 174 AD3d 868, 869-870).
In March 2020, the plaintiff commenced this action against Grossman, Yews, JAZ, Wilbur Breslin, and another defendant. The complaint alleged that on February 2, 2006, Taj entered into a joint venture agreement with Yews to redevelop the premises, Taj designated the plaintiff to act on its behalf with respect to the joint venture agreement, and Yews conveyed the premises to JAZ in contravention of the joint venture agreement. The complaint asserted, inter alia, a cause of action against Grossman and Yews alleging breach of the joint venture agreement, and causes of action against JAZ and Breslin alleging tortious interference with contract and tortious interference with business relations.
Thereafter, JAZ and Breslin moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them. JAZ and Breslin contended, inter alia, that this action was barred by res judicata, the statute of limitations, and documentary evidence, and that the complaint failed to state a cause of action against them. In support of the motion, JAZ and Breslin submitted, among other things, the complaint in the prior action, the judgment in the prior action, the joint venture agreement, excerpts from the mortgage, excerpts from a purchase and sale agreement dated December 29, 2017, in which Yews and Kessler agreed to sell the premises to JAZ, excerpts from the deeds conveying the premises to JAZ, and excerpts from JAZ's articles of organization. The plaintiff opposed the motion and submitted, inter alia, an affidavit of Alexander Jacobson, the principal of the plaintiff, sworn to on June 12, 2020.
In an order entered September 4, 2020, the Supreme Court, inter alia, denied those branches of the motion of JAZ and Breslin which were to dismiss the complaint insofar as asserted against them with prejudice pursuant to CPLR 3211(a)(1) and (5) on the grounds of documentary evidence, res judicata, and the statute of limitations, and denied that branch of the motion which was to dismiss the complaint insofar as asserted against JAZ without prejudice pursuant to CPLR 3211(a)(7). In addition, the court granted that branch of the motion which was to dismiss the complaint insofar as asserted against Breslin without prejudice pursuant to CPLR 3211(a)(7), and granted the plaintiff's application for leave to amend the complaint. JAZ and Breslin (hereinafter together the appellants) appeal.
The Supreme Court should have granted that branch of the appellants' motion which was to dismiss the complaint insofar as asserted against JAZ with prejudice pursuant to CPLR 3211(a)(5) on the ground of res judicata. On a motion to dismiss pursuant to CPLR 3211(a)(5), the court is required to accept the facts as alleged in the complaint as true and accord the plaintiff the benefit of every possible favorable inference (see Faison v Lewis, 25 NY3d 220, 224; Perez v Baez, 185 AD3d 1062, 1063). In opposition to a motion pursuant to CPLR 3211(a)(5), a plaintiff may submit affidavits to remedy defects in the complaint and preserve inartfully pleaded but potentially meritorious claims (see AAA Viza, Inc. v Business Payment Sys., LLC, 38 AD3d 802, 803).
"Under res judicata, or claim preclusion, a valid final judgment bars future actions between the same parties on the same cause of action" (Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 347; see Simmons v Trans Express Inc., 37 NY3d 107, 111). "One linchpin of res judicata is an identity of parties actually litigating successive actions against each other: the doctrine applies only when a claim between the parties has been previously brought to a final conclusion" (Simmons v Trans Express Inc., 37 NY3d at 111 [emphasis and internal quotation marks omitted]). "The doctrine of res judicata operates to preclude the reconsideration of claims actually litigated and resolved in a prior proceeding, as well as claims for different relief against the same party which arise out of the same factual grouping or transaction, and which should have or could have been resolved in the prior proceeding" (Mahler v Campagna, 60 AD3d 1009, 1011; see Paramount Pictures Corp. v Allianz Risk Transfer AG, 31 NY3d 64, 72). "A pragmatic test has been applied to make this determination—analyzing whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage" (Xiao Yang Chen v Fischer, 6 NY3d 94, 100-101 [internal quotation marks omitted]; see Smith v Russell Sage Coll., 54 NY2d 185, 193).
Here, the tortious interference with contract and tortious interference with business relations causes of action insofar as asserted against JAZ in this action could have been raised in the prior action, which arose out of the same transaction or series of transactions as those presented in this action (see O'Brien v City of Syracuse, 54 NY2d 353, 357; Greenaway v Clifton & Classon Apt. Corp., 191 AD3d 958, 959; Union St. Tower, LLC v Richmond, 84 AD3d 784, 786; Marinelli Assoc. v Helmsley-Noyes Co., 265 AD2d 1, 8; Slavin v Fischer, 160 AD2d 934, 934). Although the complaint in the prior action alleged breach of the mortgage and the complaint in this action alleged breach of the joint venture agreement, the complaint in the prior action alleged that Yews executed the mortgage in connection with the joint venture agreement, and the joint venture agreement described the terms of the $350,000 loan that was the subject of the prior action. Indeed, the complaint in this action alleged many breaches of the joint venture agreement that overlapped with allegations in the complaint in the prior action. Although Jacobson averred in his affidavit submitted in opposition to the appellants' motion that the joint venture agreement was not breached until Yews conveyed the premises to JAZ in December 2017, which was after the prior action was commenced, "[t]he mere fact that it is possible to characterize each of the alleged acts as . . . an independent breach does not diminish the essential interconnection of these ongoing acts or the expectation that they would be tried as a single unit" (Marinelli Assoc. v Helmsley-Noyes Co., 265 AD2d at 6). Further, the plaintiff learned that Yews had conveyed the premises to JAZ, at the latest, in March 2018 when JAZ intervened as a defendant in the prior action, and the plaintiff could have sought to amend the complaint in the prior action to add causes of action against JAZ alleging tortious interference with contract and tortious interference with business relations (see Greenaway v Clifton & Classon Apt. Corp., 191 AD3d at 959). However, the plaintiff did not.
Accordingly, the Supreme Court should have granted that branch of the appellants' motion which was to dismiss the complaint insofar as asserted against JAZ with prejudice pursuant to CPLR 3211(a)(5) on the ground of res judicata.
However, the Supreme Court properly denied that branch of the appellants' motion which was to dismiss the complaint insofar as asserted against Breslin with prejudice. Contrary to the plaintiff's contention, the appellants are aggrieved because the order did not grant them the complete relief they requested with respect to Breslin (see CPLR 5511; Matter of Dentsply Sirona, Inc. Shareholders Litig., 191 AD3d 404, 404; Matter of Blum v Pathstone Corp., 172 AD3d 1679, 1680; see generally Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 544-545; Mixon v TBV, Inc., 76 AD3d 144, 156-157). In support of that branch of their motion, the appellants sought dismissal of the complaint insofar as asserted against Breslin pursuant to CPLR 3211(a)(1) and (5) on the grounds of documentary evidence, res judicata, and the statute of limitations. The documentary evidence submitted by the appellants in support of their motion did not utterly refute the plaintiff's allegations with respect to Breslin (see CPLR 3211[a][1]; Town of Huntington v Long Is. Power Auth., 130 AD3d 1013, 1015). Further, the appellants failed to meet their burden of establishing, prima facie, that the time to commence the tortious interference with contract and [*3]tortious interference with business relations causes of action insofar as asserted against Breslin had expired (see Klein v Deutsch, 193 AD3d 707, 709; Sapienza v Notaro, 172 AD3d 1418, 1420; Baptiste v Harding-Marin, 88 AD3d 752, 753). Regarding res judicata, as described above, the doctrine applies only when a claim between the parties has been previously brought to a final conclusion (see Simmons v Trans Express Inc., 37 NY3d at 111). Here, Breslin was not a party in the prior action, and the appellants neither contended nor established that Breslin was in privity with JAZ (see Bravo v Atlas Capital Group, LLC, 196 AD3d 627).
As the Supreme Court directed dismissal of the complaint insofar as asserted against Breslin pursuant to CPLR 3211(a)(7), a determination that is not at issue in this appeal, the dismissal of the complaint insofar as asserted against Breslin was properly directed without prejudice. "A dismissal for failure to state a cause of action based on the insufficiency of the allegations in the pleading is not a dismissal on the merits, and does not bar the adequate repleading of the claim in a subsequent action" (Canzona v Atanasio, 118 AD3d 837, 840-841; see Park Slope Auto Ctr., Inc. v Papa, 190 AD3d 754, 756).
The appellants' remaining contentions need not be reached in light of our determination.
MASTRO, J.P., MILLER, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court