Walcer v Cadbury (2024 NY Slip Op 01579)

Walcer v Cadbury

2024 NY Slip Op 01579

Decided on March 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2021-06433
 (Index No. 623566/19)

[*1]William Henry Walcer, appellant, 
v
Crosfield Christopher Cadbury, defendant, Wells Fargo Advisors, respondent.

Patricia Byrne Blair, Blue Point, NY, for appellant.
Bressler Amery & Ross, P.C., New York, NY (Andrew W. Sidman and Christopher Vaughan of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for fraud, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Robert F. Quinlan, J.), dated July 29, 2021. The order, insofar as appealed from, granted that branch of the motion of the defendant Wells Fargo Advisors which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff was a beneficiary of certain family trusts of which the defendant Crosfield Christopher Cadbury was formerly a cotrustee. The trusts' accounts were maintained by the defendant Wells Fargo Advisors (hereinafter WFA). In 2017, the plaintiff commenced an action against Cadbury and WFA (hereinafter the 2017 action), alleging that Cadbury had wrongfully created "other Trusts" from the original trust and misappropriated trust funds, and that WFA had facilitated this misconduct. The plaintiff thereafter signed a stipulation of settlement, in which he agreed, among other things, that the 2017 action would be discontinued with prejudice. It was further agreed that Cadbury would resign as cotrustee.
In 2019, the plaintiff commenced this action against Cadbury and WFA. As against WFA, the plaintiff again alleged that, while serving as cotrustee, Cadbury had wrongfully created "sub-accounts/new trusts" and misappropriated trust funds, and that WFA had facilitated this misconduct. WFA moved, inter alia, pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against it as barred by the doctrine of res judicata. By order dated July 29, 2021, the Supreme Court, among other things, granted that branch of WFA's motion. The plaintiff appeals.
"Under the doctrine of res judicata, a disposition on the merits bars litigation between the same parties, or those in privity with them, of a cause of action arising out of the same transaction or series of transactions as a cause of action that either was raised or could have been raised in the prior proceeding" (Clerico v Pollack, 148 AD3d 769, 770 [internal quotation marks omitted]). "A stipulation of discontinuance with prejudice without reservation of right or limitation of the claims disposed of is entitled to preclusive effect under the doctrine of res judicata" (Greenaway v Clifton & Classon Apt. Corp., 191 AD3d 958, 958 [internal quotation marks [*2]omitted]).
Here, WFA demonstrated that the causes of action asserted against it in this action were raised or could have been raised in the 2017 action, in which the plaintiff executed a stipulation of settlement agreeing to discontinue all claims with prejudice and without limitation. Therefore, this action insofar as asserted against WFA is barred by the doctrine of res judicata (see id.). While the plaintiff points to allegations in the second cause of action of the complaint in this action, which he contends pertain to conduct committed by Cadbury after the 2017 action was settled, that cause of action is asserted solely against Cadbury. All of the allegations asserted against WFA in the complaint of this action predate the settlement of the 2017 action.
Accordingly, the Supreme Court properly granted that branch of WFA's motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against it.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
IANNACCI, J.P., FORD, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court