Matter of Mazziotta (2025 NY Slip Op 03811)

Matter of Mazziotta

2025 NY Slip Op 03811

Decided on June 25, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
PAUL WOOTEN
LILLIAN WAN
CARL J. LANDICINO, JJ.

2023-08264

[*1]In the Matter of Roy Mazziotta, deceased. Carol Mazziotta, appellant; Serena Mazziotta Ferguson, respondent. (File No. 1185/19)

Mark E. Goidell, Garden City, NY, for appellant.
Mahon, Mahon, Kerins & O'Brien, LLC, Garden City South, NY (Robert P. O'Brien of counsel), for respondent.

DECISION & ORDER
In a proceeding to obtain letters of administration c.t.a. for the estate of Roy Mazziotta, the petitioner appeals from an order of the Surrogate's Court, Nassau County (Margaret C. Reilly, S.), dated July 6, 2023. The order granted that branch of the respondent's motion which was pursuant to CPLR 3211(a) to dismiss the proceeding.
ORDERED that the order is reversed, on the law, with costs, that branch of the respondent's motion which was pursuant to CPLR 3211(a) to dismiss the proceeding is denied, and the matter is remitted to the Surrogate's Court, Nassau County, for consideration of that branch of the respondent's motion which was pursuant to Surrogate's Court Procedure Act § 707 to disqualify the petitioner from obtaining letters of administration c.t.a.
Prior to the commencement of this proceeding, in April 2019, the purported executor of the decedent's estate, Michele Davidson, commenced a proceeding to obtain letters testamentary (hereinafter the initial proceeding). The initial proceeding was discontinued after Davidson's counsel executed a stipulation of discontinuance indicating that the initial proceeding was "discontinued, with prejudice." The petitioner, Carol Mazziotta, the wife of the decedent, commenced this proceeding in December 2022 to obtain letters of administration c.t.a. for the decedent's estate. The respondent moved pursuant to CPLR 3211(a) to dismiss the proceeding on the ground of res judicata or, in the alternative, pursuant to Surrogate's Court Procedure Act § 707 to disqualify the petitioner from obtaining letters of administration c.t.a. In an order dated July 6, 2023, the Surrogate's Court granted that branch of the respondent's motion which was to dismiss the proceeding on the ground of res judicata. The petitioner appeals.
"Under the doctrine of res judicata, or claim preclusion, a disposition on the merits bars litigation between the same parties, or those in privity with them, of a cause of action arising out of the same transaction or series of transactions as a cause of action that either was raised or could have been raised in the prior proceeding" (HSBC Bank USA, N.A. v Pantel, 179 AD3d 650, 650-651 [internal quotation marks omitted]; see Simmons v Trans Express Inc., 37 NY3d 107, 111). "One linchpin of res judicata is an identity of parties actually litigating successive actions against each other: the doctrine applies only when a claim between the parties has been previously brought [*2]to a final conclusion" (Simmons v Trans Express Inc., 37 NY3d at 111 [emphasis and internal quotation marks omitted]). "[T]he doctrine of res judicata may be invoked where there is either a final judgment in an action between the parties, or a stipulation of settlement withdrawing a complaint or cause of action with prejudice" (Farren v Lisogorsky, 87 AD3d 713, 714; see Greenaway v Clifton & Classon Apt. Corp., 191 AD3d 958). Here, although the initial proceeding, commenced by Davidson, was dismissed pursuant to a stipulation of discontinuance with prejudice, the petitioner was not an active litigant in that proceeding, had no ability to discontinue it, and was not in privity with Davidson (see Cullen v Moschetta, 207 AD3d 699, 700).
Accordingly, we reverse the order and remit the matter to the Surrogate's Court, Nassau County, for consideration of that branch of the respondent's motion which was pursuant to Surrogate's Court Procedure Act § 707 to disqualify the petitioner from obtaining letters of administration c.t.a.
GENOVESI, J.P., WOOTEN, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court