Asset Devs. Corp. v Grossman (2025 NY Slip Op 04078)

Asset Devs. Corp. v Grossman

2025 NY Slip Op 04078

Decided on July 9, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 9, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
BARRY E. WARHIT
DONNA-MARIE E. GOLIA, JJ.

2024-05586
 (Index No. 603297/20)

[*1]Asset Developers Corp., appellant, 
v
Gary Grossman, etc., et al., defendants, JAZ Grand, LLC, et al., respondents.

Jaspan Schlesinger Narendran LLP, Garden City, NY (Steven R. Schlesinger and Gayle S. Gerson of counsel), for appellant.
Weiss Zarett Brofman Sonnenklar & Levy, P.C., New Hyde Park, NY (Michael J. Spithogiannis and Michael D. Brofman of counsel), respondent pro se and for respondents JAZ Grand, LLC, and Wilbur Breslin.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Timothy S. Driscoll, J.), entered May 3, 2024. The order granted those branches of the cross-motion of the defendants JAZ Grand, LLC, Wilbur Breslin, and Weiss Zarett Brofman Sonnenklar & Levy, P.C., which were pursuant to CPLR 3211(a) to dismiss the second amended complaint insofar as asserted against the defendants JAZ Grand, LLC, and Wilbur Breslin and for summary judgment dismissing the second amended complaint insofar as asserted against the defendant Weiss Zarett Brofman Sonnenklar & Levy, P.C.
ORDERED that the order is affirmed, with costs.
In June 2017, the plaintiff's predecessor in interest, Jacobson Development Group, LLC (hereinafter JDG), commenced an action against, among others, Yews, Inc. (hereinafter Yews), Gary Grossman, and Sandra Kessler, inter alia, to foreclose a mortgage encumbering certain real property located in Nassau County (hereinafter the prior action). In an order entered February 14, 2018, the Supreme Court denied those defendants' motion, among other things, to dismiss the complaint insofar as asserted against them as time-barred, and on appeal, this Court reversed that order and granted the motion (see Jacobson Dev. Group, LLC v Yews, Inc., 174 AD3d 868).
In March 2020, JDG commenced this action. The complaint alleged that in 2006, TAJ Holdings, LLC (hereinafter TAJ), entered into a joint venture agreement with Yews to redevelop the property, TAJ designated JDG to act on its behalf with respect to the joint venture agreement, and Yews conveyed the property to JAZ Grand, LLC (hereinafter JAZ Grand), in contravention of the joint venture agreement. The complaint asserted, inter alia, causes of action against JAZ Grand and Wilbur Breslin alleging tortious interference with contract and tortious interference with business relations. In an order entered September 4, 2020, the Supreme Court, among other things, granted that branch of the motion of JAZ Grand and Breslin which was to dismiss the complaint insofar as asserted against Breslin without prejudice pursuant to CPLR 3211(a)(7) and granted JDG's application for leave to amend the complaint. The court also denied [*2]those branches of the motion of JAZ Grand and Breslin which were to dismiss the complaint insofar as asserted against them with prejudice pursuant to CPLR 3211(a)(1) and (5) on the grounds of documentary evidence, res judicata, and the statute of limitations, and denied that branch of the motion which was to dismiss the complaint insofar as asserted against JAZ Grand without prejudice pursuant to CPLR 3211(a)(7). On appeal, this Court modified the order by deleting the provision thereof denying that branch of the motion which was to dismiss the complaint insofar as asserted against JAZ Grand with prejudice, and substituting therefor a provision granting that branch of the motion (see Jacobson Dev. Group, LLC v Grossman, 198 AD3d 956).
JDG subsequently filed a second amended complaint asserting, inter alia, causes of action against JAZ Grand and others for money had and received and alleging conversion, causes of action against Breslin alleging tortious interference with contract and tortious interference with business relations, and a cause of action against Weiss Zarett Brofman Sonnenklar & Levy, P.C. (hereinafter Weiss Zarett), JAZ Grand's escrow agent, alleging breach of fiduciary duty. The plaintiff moved, among other things, to substitute itself as the plaintiff in place of JDG. JAZ Grand, Breslin, and Weiss Zarett (hereinafter collectively the JAZ Grand defendants) cross-moved pursuant to CPLR 3211(a)(5) and (7) to dismiss the second amended complaint insofar asserted against them or, in the alternative, for summary judgment dismissing the second amended complaint insofar as asserted against them. In an order entered May 3, 2024, the Supreme Court granted those branches of the cross-motion which were pursuant to CPLR 3211(a) to dismiss the second amended complaint insofar as asserted against JAZ Grand and Breslin and for summary judgment dismissing the second amended complaint insofar as asserted against Weiss Zarett. The plaintiff appeals.
The Supreme Court properly granted that branch of the JAZ Grand defendants' cross-motion which was pursuant to CPLR 3211(a) to dismiss the second amended complaint insofar as asserted against JAZ Grand. The causes of action insofar as asserted against JAZ Grand in the second amended complaint were barred by the doctrine of res judicata. Under this doctrine, a disposition on the merits bars litigation between the same parties, or those in privity with them, of a cause of action arising out of the same transaction or series of transactions as a cause of action that either was raised or could have been raised in the prior proceeding (see Pine Val. Ctr., LLC v Jacobs, 237 AD3d 1115; Wilmington Sav. Fund Socy., FSB v Sheikh, 237 AD3d 874; Altman v Orseck, 235 AD3d 818, 818-819). Here, there was a disposition on the merits in favor of JAZ Grand, and any causes of action against JAZ Grand arising out of the joint venture agreement were barred.
In Jacobson Dev. Group, LLC v Grossman (198 AD3d 956), this Court modified the order appealed from by granting that branch of the motion of JAZ Grand and Breslin which was to dismiss the original complaint insofar as asserted against JAZ Grand with prejudice, concluding that the causes of action insofar as asserted against JAZ Grand could have been raised in the prior action, which arose out of the same transaction or series of transactions as this action. A dismissal with prejudice generally signifies that the court intended to dismiss the action on the merits (that is, to bring the action to a final conclusion against the plaintiff) (see Yonkers Contr. Co. v Port Auth. Trans-Hudson Corp., 93 NY2d 375, 380; Green Tree Servicing, LLC v Barnes, 215 AD3d 809, 809-810) and is generally afforded res judicata effect (see Kirby v David Fabricators of N.Y., Inc., 236 AD3d 436, 437).
The causes of action insofar as asserted against JAZ Grand in the second amended complaint arose out of the joint venture agreement and could have been raised in the prior action, in which JDG sought, inter alia, to recover damages for the alleged breach of a mortgage agreement and recovery of a loan in the sum of $350,000. This same loan is the subject of the second amended complaint. The alleged breach of the joint venture agreement occurred in 2006. As this Court noted in the prior appeal in this action, the original complaint in this action alleged many breaches of the joint venture agreement that overlapped with allegations in the complaint in the prior action (see Jacobson Dev. Group, LLC v Grossman, 198 AD3d at 960). The same is true of the second amended complaint. The new causes of action insofar as asserted against JAZ Grand for money had and received and alleging conversion were based on the alleged breach of the joint venture agreement, which was the subject of the prior action and could have been raised in that action. Once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series [*3]of transactions are barred, even if based upon different theories or if seeking a different remedy (see Simmons v Trans Express Inc., 37 NY3d 107, 111; Matter of Josey v Goord, 9 NY3d 386, 389-390; Beneficial Homeowner Serv. Corp. v Francis, 231 AD3d 788, 789).
The Supreme Court properly granted that branch of the JAZ Grand defendants' cross-motion which was pursuant to CPLR 3211(a) to dismiss the second amended complaint insofar as asserted against Breslin. The second amended complaint failed to state a cause of action against Breslin alleging either tortious interference with contract or tortious interference with business relations (see Looks Great Servs., Inc. v Roosevelt, ___ AD3d ___, 2025 NY Slip Op 03317).
The Supreme Court properly granted that branch of the JAZ Grand defendants' cross-motion which was for summary judgment dismissing the second amended complaint insofar as asserted against Weiss Zarett. The elements of a cause of action alleging breach of fiduciary duty are (1) the existence of a fiduciary relationship, (2) misconduct by the defendant, and (3) damages directly caused by the defendant's misconduct (see Golobe v Mielnicki, ___ NY3d ___, 2025 NY Slip Op 01670, *2). Here, the JAZ Grand defendants established, prima facie, that Weiss Zarett had no fiduciary relationship with the plaintiff or its predecessor in interest, JDG, and, therefore, owed no duty to the plaintiff. The plaintiff failed to raise a triable issue of fact in opposition.
Accordingly, the Supreme Court properly granted those branches of the JAZ Grand defendants' cross-motion which were pursuant to CPLR 3211(a) to dismiss the second amended complaint insofar as asserted against JAZ Grand and Breslin and for summary judgment dismissing the second amended complaint insofar as asserted against Weiss Zarett.
DILLON, J.P., WOOTEN, WARHIT and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court