Yu Chan Li v City of New York (2025 NY Slip Op 04275)

Yu Chan Li v City of New York

2025 NY Slip Op 04275

Decided on July 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
LARA J. GENOVESI
JANICE A. TAYLOR
PHILLIP HOM, JJ.

2022-04788
 (Index No. 719468/21)

[*1]Yu Chan Li, appellant, 
v
City of New York, respondent.

Marc H. Gerstein, New York, NY, for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Rebecca L. Visgaitis and Elina Druker of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, for declaratory and injunctive relief, the plaintiff appeals from an order of the Supreme Court, Queens County (Tracy Catapano-Fox, J.), dated May 25, 2022. The order granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint and denied the plaintiff's cross-motion to disqualify the defendant's counsel.
ORDERED that the order is affirmed, with costs.
In 1993, on the recommendation of the Landmark Preservation Commission (hereinafter the LPC), the City of New York designated the neighborhood of Jackson Heights as a historic district (hereinafter the Jackson Heights historic district) pursuant to Administrative Code of the City of New York §§ 25-301 to 25-322. In 1996, the plaintiff purchased certain real property within the Jackson Heights historic district. In 2015, she erected a fence on the property without obtaining a permit from the LPC. The plaintiff submitted an application to legalize the fence, and the LPC approved the application but with modifications with which the plaintiff was obligated to comply (hereinafter the LPC's administrative determination).
In February 2016, the plaintiff commenced a proceeding pursuant to CPLR article 78 in the Supreme Court, New York County, against the LPC (hereinafter the prior proceeding). In the prior proceeding, the plaintiff challenged the LPC's administrative determination regarding the fence, but she also sought a judgment declaring that the 1993 designation of the Jackson Heights historic district was null and void. She argued that the Jackson Heights historic district was invalidly designated because the LPC's report recommending the designation was unconstitutionally vague. In an order and judgment dated March 23, 2017, the Supreme Court denied the petition and dismissed the proceeding. The plaintiff moved for leave to reargue and renew her petition, and the court denied that motion in an order entered March 26, 2019. The plaintiff appealed from the order entered March 26, 2019. The Appellate Division, First Department affirmed so much of the order as denied renewal and dismissed the appeal from so much of the order as denied reargument (see Matter of Yu Chan Li v New York City Landmarks Preserv. Commn., 182 AD3d 478, 478).
In August 2021, the plaintiff commenced this action against the defendant in the Supreme Court, Queens County, again seeking, among other things, a judgment declaring that the [*2]defendant's 1993 designation of the Jackson Heights historic district was null and void and requesting related injunctive relief. The complaint alleged, inter alia, that the Jackson Heights historic district was invalidly designated because the LPC fraudulently omitted discussion of the neighborhood's history of racial exclusion from the report recommending the designation.
Thereafter, the defendant moved pursuant to CPLR 3211(a) to dismiss the complaint. The defendant contended that this action was barred by, among other things, the doctrine of res judicata. In support of the motion, the defendant submitted, inter alia, the record of the prior proceeding. The plaintiff opposed the motion and cross-moved to disqualify the defendant's counsel. In an order dated May 25, 2022, the Supreme Court granted the defendant's motion and denied the plaintiff's cross-motion. The plaintiff appeals.
The Supreme Court properly granted the defendant's motion to dismiss the complaint on the ground that it is barred by the doctrine of res judicata. "On a motion to dismiss pursuant to CPLR 3211(a)(5), the court is required to accept the facts as alleged in the complaint as true and accord the plaintiff the benefit of every possible favorable inference" (Jacobson Dev. Group, LLC v Grossman, 198 AD3d 956, 958).
"Under res judicata, or claim preclusion, a valid final judgment bars future actions between the same parties on the same cause of action" (id. at 959 [internal quotation marks omitted]). The doctrine, however, "extends beyond attempts to relitigate identical claims" (Simmons v Trans Express Inc., 37 NY3d 107, 111). Res judicata applies to preclude any "'claims that could have been raised in the prior litigation'" (Cartagena v Lee, 202 AD3d 746, 747, quoting Paramount Pictures Corp. v Allianz Risk Transfer AG, 31 NY3d 64, 83 [Rivera, J., concurring]). "'[O]nce a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy'" (Simmons v Trans Express Inc., 37 NY3d at 111, quoting O'Brien v City of Syracuse, 54 NY2d 353, 357).
Here, the Supreme Court properly granted dismissal of the complaint on the ground that it was barred by the doctrine of res judicata because, although the complaint is based upon a different theory than the petition in the prior proceeding, the causes of action in this action arise from the same transactions as aspects of the prior proceeding and could have been raised in the prior proceeding (see Jones v Flushing Bank, 212 AD3d 791, 793; Jacobson Dev. Group, LLC v Grossman, 198 AD3d at 959-961).
The Supreme Court properly denied the plaintiff's cross-motion to disqualify the defendant's counsel based upon a purported conflict of interest. A party seeking to disqualify its adversary's lawyer must prove, among other things, "the existence of a prior attorney-client relationship between the moving party and opposing counsel" (Sentry at QB, LLC v Xi Hui Wu, 219 AD3d 649, 650 [internal quotation marks omitted]; see Tekni-Plex, Inc. v Meyner & Landis, 89 NY2d 123, 131). If the moving party is "neither a present nor a former client of the subject attorneys, it has no standing to seek disqualification based on conflict of interest" (A.F.C. Enters., Inc. v New York City School Constr. Auth., 33 AD3d 736, 736; see Scafuri v DeMaso, 71 AD3d 755, 756). Here, it is undisputed that the plaintiff is neither a present nor former client of the defendant's counsel, so the plaintiff lacked standing to bring her cross-motion.
The plaintiff's remaining contentions either are without merit or need not be reached in light of our determination.
LASALLE, P.J., GENOVESI, TAYLOR and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court