Abakporo v Abakporo (2025 NY Slip Op 06682)

Abakporo v Abakporo

2025 NY Slip Op 06682

Decided on December 3, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 3, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
WILLIAM G. FORD
LAURENCE L. LOVE
DONNA-MARIE E. GOLIA, JJ.

2023-05168
 (Index No. 234/22)

[*1]Rosemary Abakporo, etc., appellant, 
v
Theophine Abakporo, etc., respondent.

Rosemary Abakporo, Jamaica Estates, NY, appellant pro se.
Windels Marx Lane & Mittendorf, LLP, New York, NY (Marky A. Suazo of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to impose a constructive trust on real property, the plaintiff appeals from an order of the Supreme Court, Queens County (Denis J. Butler, J.), entered April 5, 2023. The order, insofar as appealed from, granted that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In September 2017, the plaintiff commenced an action against the defendant, Eric Abakporo, and Tuthill Finance (hereinafter Tuthill), inter alia, to impose a constructive trust on certain real property located in Jamaica Estates (hereinafter the 2017 action). During the pendency of the 2017 action, the defendant sold the property to third parties. In an order dated March 29, 2018, the Supreme Court granted Tuthill's motion, among other things, pursuant to CPLR 3211(a)(5) to dismiss the amended complaint insofar as asserted against it as time-barred. In an order entered January 14, 2019, the court denied the plaintiff's motion, inter alia, to vacate the order dated March 29, 2018. In a second order entered January 14, 2019, the court, among other things, granted that branch of the defendant's motion which was for summary judgment dismissing the amended complaint insofar as asserted against him as time-barred. In a decision and order dated February 2, 2022, this Court affirmed the first order entered January 14, 2019, and the second order entered January 14, 2019, insofar as appealed from, determining that the cause of action to impose a constructive trust on the property accrued in December 2007 and, thus, the 2017 action was untimely (see Abakporo v Abakporo, 202 AD3d 646, 650).
In March 2022, the plaintiff commenced this action against the defendant to impose a constructive trust on the property, to recover damages for breach of fiduciary duty and unjust enrichment, and for a judgment declaring that she is the owner of the property. The defendant moved, inter alia, pursuant to CPLR 3211(a) to dismiss the complaint. In an order entered April 5, 2023, the Supreme Court, among other things, granted that branch of the defendant's motion. The plaintiff appeals.
Pursuant to CPLR 3211(a)(5), a party may seek dismissal of a cause of action based upon the doctrine of res judicata (see Sunny v Hossain, 236 AD3d 699, 699-700; Ciafone v City of [*2]New York, 227 AD3d 946, 946). "On a motion to dismiss pursuant to CPLR 3211(a)(5), the court is required to accept the facts as alleged in the complaint as true and accord the plaintiff the benefit of every possible favorable inference" (Jacobson Dev. Group, LLC v Grossman, 198 AD3d 956, 958; see Faison v Lewis, 25 NY3d 220, 224; Perez v Baez, 185 AD3d 1062, 1063). In opposition to a motion pursuant to CPLR 3211(a)(5), a plaintiff may submit affidavits to remedy defects in the complaint and preserve inartfully pleaded but potentially meritorious causes of action (see Jacobson Dev. Group, LLC v Grossman, 198 AD3d at 958-959).
"Under res judicata, or claim preclusion, a valid final judgment bars future actions between the same parties on the same cause of action" (Simmons v Trans Express Inc., 37 NY3d 107, 111 [internal quotation marks omitted]; see Gregg v Lan Zhen Chen, 220 AD3d 697, 698). "'The doctrine of res judicata operates to preclude the reconsideration of claims actually litigated and resolved in a prior proceeding, as well as claims for different relief against the same party which arise out of the same factual grouping or transaction, and which should have or could have been resolved in the prior proceeding'" (Jacobson Dev. Group, LLC v Grossman, 198 AD3d at 959, quoting Mahler v Campagna, 60 AD3d 1009, 1011; see Gregg v Lan Zhen Chen, 220 AD3d at 698). "A pragmatic test has been applied to make this determination—analyzing whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage" (Xiao Yang Chen v Fischer, 6 NY3d 94, 100-101 [internal quotation marks omitted]; see Smith v Russell Sage Coll., 54 NY2d 185, 193).
Contrary to the plaintiff's contention, a dismissal of a cause of action on the ground that it was barred by the applicable statute of limitations is "sufficiently close to the merits for claim preclusion purposes," and thus, the attempted relitigation of such a cause of action will be barred by the doctrine of res judicata (Smith v Russell Sage Coll., 54 NY2d at 194; see Hendrickson v Philbor Motors, Inc., 102 AD3d 251, 260; Nostrom v County of Suffolk, 100 AD3d 974, 976). Here, the causes of action arise out of the same set of operative facts as the causes of action asserted in the 2017 action, which were dismissed on the ground that they were barred by the applicable statute of limitations (see Abakporo v Abakporo, 202 AD3d 646). Thus, this action is barred by the doctrine of res judicata (see Aponte v Estate of Aponte, 172 AD3d 970, 972; Seidenfeld v Zaltz, 162 AD3d 929, 932).
We decline the defendant's request to impose sanctions against the plaintiff in connection with this appeal (see 22 NYCRR 130-1.1).
The plaintiff's remaining contentions are without merit.
Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the complaint.
GENOVESI, J.P., FORD, LOVE and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court